## COOPER *versus* BAKEMAN.

In replevin, upon a plea of *non cepit* with brief statement that the property is in the defendant, *and not in the plaintiff*, it is incumbent on the plaintiff to prove property in himself.

If the brief statement merely allege property in the defendant, without denying it to be in the plaintiff, the burden of proving ownership is on the defendant. — Per WELLS, J.

REPLEVIN. General issue, with brief statement " that the property was the property of the defendant, and not the property of the plaintiff."

Upon the question of ownership there was testimony on both sides. The Judge ruled that the burden was on the defendant to prove property in himself. The verdict was for the plaintiff and the defendant excepts.

*Cutting* and *Sewall*, for defendant.

The ruling was probably based on the authority of *Green* v. *Dingley*, 24 Maine, 135. There the brief statement alleged property in the defendant, but did not, as in this case, allege that it was not in the plaintiff.

In Greenleaf on Evidence, vol. 2, sec. 563, (2d edition,) the author says, " If the defendant, besides the plea of *non cepit*, also pleads property, either in himself or a stranger, and traverse the right of the plaintiff, which he may do, with an avowry of the taking, the material inquiry is as to the property of the plaintiff, which the plaintiff must be prepared to prove, the *onus probandi* of this issue being on him ; for if the former issue is found for him, but the latter is either not found at all, or is found for the defendant, the plaintiff cannot have judgment," and to sustain the doctrine cites some twenty authorities.

The case of *Dillingham* v. *Smith*, decided since the trial, is deemed conclusive. 30 Maine, 370.

*Rowe* and *Bartlett*, for plaintiff.

The general issue admits the plaintiff's property. The brief statement does not limit or qualify the admission.

The sole office of a brief statement, filed under R. S. c.

115, § 18, is to give notice of that special, substantive matter, which defendant proposes to prove.

A denial of any allegation in the writ is not notice of special matter to be given in evidence, and cannot properly be inserted in such brief statement.

Such traverse, if inserted, is mere surplusage, and is of no force or effect.

If defendant would traverse any allegation of the writ, which is not traversed by pleading the general issue, he must plead specially.

The act of 1831, abolishing special pleading, was repealed at the revision of the statautes in 1841.

A defendant may now file a special plea at common law, without pleading the general issue ; or he may, under the statute, plead the general issue with as many special pleas as he chooses ; or he may, in proper cases, plead the general issue, and give in evidence special matter with a brief statement.

The prohibitory act of 1831 being repealed, all .decisions, and rules of practice, having their origin in such prohibition, are no longer in force.

If defendant, now, by filing a brief statement, fails to bring the matter to such an issue as he might have raised by a special plea, he alone is in fault, for having adopted that mode of pleading, and must bear his loss.

The brief statement in *Potter* v. *Titcomb,* 16 Maine, 423, would not be allowed under our present statute ; nor would the counter brief statement, there filed for the purpose of bringing the matters to issue ; as the only province of a counter brief statement, under the present statute, is to state new matter to be given in evidence in avoidance.

The only matter put in issue by the plea in this case, was the taking, and that was all plaintiff was bound to prove. *Greene* v. *Dingley,* 24 Maine, 137.

The only matter in relation to which defendant could adduce proof was, that the property was the property of defend-

ant ; for that is the only matter contained in his brief statement. *Washburn* v. *Mosely*, 9 Shepl. 163.

The New Hampshire statute of 1831, is similar to ours. In *Cocheco Co.* v. *Whittier*, 10 N. H. 305, it was decided that the filing of a brief statement does not change the nature of the general issue, or in any way limit the admissions defendant makes by filing that plea.

Under the New York statute, which seems to be similar to ours, the brief statement seems to be regarded simply as a notice of new facts to be proved. 20 Johns. 746, 749.

In 13 Johns. 329, and in 1 Wend. 70, it was decided that a brief statement cannot be filed with a plea of *nul tiel record ;* although their statute does not seem, like ours, in express terms to confine the brief statement to cases where an issue is joined to the country.

The brief statement is simply notice of matter which defendant proposes to prove. He may prove it or not, as he chooses. The *onus* is upon him. The plaintiff is only called upon to rebut.

Wells, J.; orally. — Under our statute, *non cepit* with brief statement of property in the defendant and not in the plaintiff, does not admit property in the plaintiff. Such pleading creates substantially an issue on the plaintiff's property. It is therefore incumbent on the plaintiff to prove property in himself. At common law, in a plea of property in the defendant, the *onus* is on plaintiff to prove property in himself, because if the issue be found merely that the property is not in the defendant, the plaintiff cannot have judgment. The plaintiff alleges the property to be his. The burden is on him to prove it.

In this case, the Judge ruled that the burden of proof was on the *defendant* to show property in himself. This was erroneous.

It would have been right, under our statute, if the pleading had not denied property in the plaintiff.

*Exceptions sustained*